## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-01036-NYW

AMERICAN CIVIL LIBERTIES UNION OF COLORADO,

    Plaintiff,

v.

UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT,

    Defendant.

---

## ANSWER

---

    Defendant United States Immigration and Customs Enforcement respectfully submits the following Answer to Plaintiff's Complaint, ECF No. 1.  Defendant reserves the right to amend, alter, and supplement this Answer as additional facts and circumstances become known to it throughout the course of litigation, pursuant to Fed. R. Civ. P. 15.

    Each allegation that is not specifically admitted is denied.

### INTRODUCTION

    1.    Defendant admits that Plaintiff has filed suit under the Freedom of Information Act ("FOIA") in connection with a FOIA request submitted by Plaintiff.  A response to the characterizations of this case and Defendant's response to Plaintiff's FOIA request contained in this paragraph is not required.  To the extent a response is required, the remaining allegations in this paragraph are denied.

    2.    Defendant admits that Plaintiff submitted a FOIA request pertaining to records relating to Mr. Samimi's death. Defendant also admits that Mr. Samimi last entered the United

States in 1976, that Mr. Samimi entered Defendant's custody on November 17, 2017, and that he died on December 2, 2017.

3. Defendant admits that Plaintiff filed a FOIA request on December 20, 2017, and that on March 8, 2018, Defendant produced records responsive to Plaintiff's FOIA request. In addition, Defendant admits that Plaintiff appealed Defendant's determination on the FOIA request, and that by letter dated July 3, 2018, Defendant informed Plaintiff that a new search, or modifications to the existing search, would be conducted. On May 20, 2019, Defendant produced an additional 578 pages of documents in response to Plaintiff's FOIA request. The remaining allegations in this paragraph are denied.

4. A response to the legal conclusions and characterizations of this case contained in this paragraph is not required. To the extent a response is required, the allegations in this paragraph are denied.

5. A response to the characterizations of this case contained in this paragraph is not required. To the extent a response is required, the allegations in this paragraph are denied.

**JURISDICTION, VENUE, AND ADMINISTRATIVE EXHAUSTION**

6. Defendant admits only that the Court has jurisdiction over this action under FOIA. A response to the remaining allegations in this paragraph, which consist of legal conclusions, is not required.

7. Defendant admits only that venue is proper in this District. A response to the remaining allegations in this paragraph, which consist of legal conclusions, is not required.

8. A response to the legal conclusions contained in this paragraph is not required. To the extent a response is required, Defendant admits only that this Court has jurisdiction over this action under FOIA.

## PARTIES

9. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

10. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

11. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

12. Admitted.

## FACTUAL ALLEGATIONS

### The Death of Kamyar Samimi[1]

13. The allegations contained in this paragraph do not relate directly to the FOIA request that forms the basis of the Complaint. To the extent a response is required, Defendant admits that Mr. Samimi last entered the United States in 1976, as a student, that he adjusted to become a U.S. permanent resident in 1979, and that he died on December 2, 2017.

14. The allegations contained in this paragraph do not relate directly to the FOIA request that forms the basis of the Complaint. To the extent a response is required, Defendant admits the allegations contained in this paragraph.

15. The allegations contained in this paragraph do not relate directly to the FOIA request that forms the basis of the Complaint. To the extent a response is required, Defendant admits the allegations contained in this paragraph.

---

[1] Defendant's official statement regarding the death of Mr. Samimi may be found at: https://www.ice.gov/news/releases/denver-area-ice-detainee-passes-away-local-hospital.

16. The allegations contained in this paragraph do not relate directly to the FOIA request that forms the basis of the Complaint. To the extent a response is required, Defendant admits the allegations contained in this paragraph.

17. The allegations contained in this paragraph do not relate directly to the FOIA request that forms the basis of the Complaint. To the extent a response is required, Defendant admits only that this paragraph accurately quotes a portion of the Adams & Broomfield Counties Office of the Coroner's autopsy report dated January 30, 2018.

18. The allegations contained in this paragraph do not relate directly to the FOIA request that forms the basis of the Complaint. To the extent a response is required, Defendant admits only that this paragraph accurately quotes a portion of the Adams & Broomfield Counties Office of the Coroner's autopsy report dated January 30, 2018.

19. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph.

20. Denied.

<u>Public Concern Regarding Mr. Samimi's Death and the Conditions at ACDF</u>

21. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph.

22. The allegations contained in this paragraph do not relate directly to the FOIA request that forms the basis of the Complaint. To the extent a response is required, Defendant admits only that this paragraph accurately quotes a portion of the June 4, 2018 complaint by the American Immigration Council and the American Immigration Lawyers Association.

23. The allegations contained in this paragraph do not relate directly to the FOIA request that forms the basis of the Complaint. To the extent a response is required, Defendant

admits only that this paragraph accurately quotes a portion of the June 2018 report by Human Rights Watch, the ACLU, the National Immigrant Justice Center, and Detention Watch Network, and that the report mentioned Mr. Samimi.

24. The allegations contained in this paragraph do not relate directly to the FOIA request that forms the basis of the Complaint. To the extent a response is required, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph.

25. The allegations contained in this paragraph do not relate directly to the FOIA request that forms the basis of the Complaint. To the extent a response is required, Defendant admits only that this paragraph accurately quotes a portion of the cited March 8, 2019 news article, and that the article mentions Mr. Samimi. The remaining allegations in this paragraph are denied.

### Plaintiff's FOIA Request and Defendant ICE's Response

26. Defendant admits that Plaintiff submitted a FOIA request dated December 20, 2017 via email to ice-foia@dhs.gov.

27. Defendant admits only that this paragraph, and its subparts, accurately quote portions of Plaintiff's December 20, 2017 FOIA request.

28. Admitted.

29. Admitted.

30. Admitted.

31. Admitted.

32. Admitted.

33. Admitted.

34. Admitted.

35. Admitted.

36. Admitted.

37. Admitted.

38. Admitted.

39. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph.

40. Defendant admits that Mr. Jahanian sent an email to ice-foia@dhs.gov on August 22, 2018.

41. Admitted.

42. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph.

43. Defendant denies the allegations in this paragraph, inasmuch as Defendant produced additional documents in response to Plaintiff's FOIA request on May 20, 2019.

44. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph.

45. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph.

46. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph.

47. Defendant admits that it is in possession or control over the records sought by Plaintiff's FOIA request. The remaining allegations in this paragraph are denied.

48. Denied.

## CLAIM FOR RELIEF

*Violation of FOIA 5 U.S.C. § 552(a)*

49.     Defendant incorporates its responses to all other paragraphs of the Complaint as if fully set forth herein.

50.     A response to the legal conclusions contained in this paragraph is not required. To the extent a response is required, Defendant admits that it is subject to the requirements of FOIA.

51.     Denied.

52.     Denied.

53.     Denied.

The balance of allegations consist of requests for relief, to which no response is required. To the extent a response is required, Defendant denies that Plaintiff is entitled to the relief requested.

## **DEFENSES**

1.      The Complaint should be dismissed for failure to state a claim upon which relief can be granted.

2.      Defendant has complied with FOIA and has responded to Plaintiff's FOIA request to the extent required by law.

3.      The FOIA request that is the subject of this lawsuit implicates certain information that is protected from disclosure by one or more statutory exemptions. *See* 5 U.S.C. § 552(b). Disclosure of such information is not required.

WHEREFORE, having fully answered the Complaint, Defendant requests that the Complaint be dismissed, and that judgment be entered for Defendant.

Dated June 3, 2019.

                    Respectfully Submitted,

                    JASON R. DUNN
                    United States Attorney

                    <u>s/ Jane E. Bobet</u>
                    ***Jane E. Bobet***
                    Assistant United States Attorney
                    1801 California Street, Suite 1600
                    Denver, Colorado  80202
                    Telephone: (303) 454-0185
                    Fax: (303) 454-0407
                    jane.bobet@usdoj.gov
                    Attorney for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on June 3, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following email addresses:

Msilverstein@aclu-co.org
Ajahanian@aclu-co.org

<u>s/ Jane E. Bobet</u>
***Jane E. Bobet***
Assistant United States Attorney
1801 California Street, Suite 1600
Denver, Colorado  80202
Telephone: (303) 454-0185
Fax: (303) 454-0407
jane.bobet@usdoj.gov
Attorney for Defendant